UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80851-CIV-MARRA

SUZANA POPESCU,

    Plaintiff,

v.

JP MORGAN CHASE & CO. d/b/a
JP MORGAN CHASE BANK, N.A.
a/k/a JP MORGAN CHASE BANK, N.A.
CHASE HOME FINANCE, LLC, and all
JOHN & JANE DOES 1-50,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement [DE 13]; Plaintiff's Answer and Motion to Deny "Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement [DE 18]; and Plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Answer [DE 22]. All of these motions are ripe. The Court has carefully considered all motion papers, the entire court file, and is otherwise fully advised in the premises.

**BACKGROUND**

This case arises out of a foreclosure action against Plaintiff in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida under case number 50-2009-CA-015631XXXXMB [DE 1 at 9, ¶27]. At the time the instant federal complaint was filed,

1

Defendant JP Morgan Chase Bank, N.A. had obtained a final default judgment against Plaintiff, and a foreclosure date had been scheduled [*Id*. at 3, ¶13]. Although lengthy, the crux of Plaintiff's complaint before this Court is that there was fraud in connection with how the default final judgment was obtained. Plaintiff alleges that Defendants were not holders in due course and were not in privity with Plaintiff [DE 1 at 2 ¶6]. Plaintiff seeks to have her title to the property at issue quieted [DE 1 at 25-26].

Defendants moved to dismiss arguing that Plaintiff's pleading does not satisfy minimum pleading requirements [DE 13 at 3-5] and that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine[1] [DE 13 at 5-8]. Plaintiff responded that her complaint was adequate, especially given her *pro se* status, and that the *Rooker-Feldman* doctrine does not apply where, as here, there are allegations of extrinsic fraud [DE 18]. Defendants replied by arguing that there was no extrinsic fraud [DE 21]. Defendants also argued that even if Plaintiff were to successfully overturn the foreclosure judgment, the instant action would still be barred based upon the *Colorado River* abstention doctrine.[2]

While the motions at DE 13 and DE 18 were pending, Plaintiff obtained an order from

---

[1]In the case of *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the Supreme Court explained that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review." *Id.* at 284-86; *see Bates v. Harvey*, 518 F.3d 1233, 1241 (11th Cir. 2008). Under the *Rooker-Feldman* abstention doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Harper v. Chase Manhattan Bank*, 138 F.Appx. 130, 132 (11th Cir. 2005)(citation omitted).

[2]*See Colorado River Water Conservation District v. U.S.,* 424 U.S. 800 (1976). The *Colorado River* abstention doctrine authorizes a federal district court, in exceptional cases, to dismiss or stay an action when there is an ongoing parallel action in state court.

the Fifteenth Judicial Circuit Court vacating the final summary judgment and default against her; vacating the foreclosure sale; and quashing the service of process against her [DE 22 at 8]. The Court herein takes judicial notice of this order, which Plaintiff appended to her Motion to Strike at DE 22.

Defendants acknowledged that the state court's order rendered the analysis under *Rooker-Feldman* unnecessary [DE 25 at 4], but argued that this Court should still abstain from exercising jurisdiction over this action under the *Colorado River* abstention doctrine [*Id.* at 4-7]. Plaintiff objected to the manner in which the *Colorado River* issue was raised, but offered no substantive argument in opposition to its application [DE 29]. The Court issued an order permitting Plaintiff to file a supplemental brief to address the *Colorado River* issue; permitting Defendant to file a reply thereto; and directing the parties to provide the Court with the pending pleadings in the state court action [DE 30]. No further papers have been submitted by the parties. The Court, therefore, does not have before it the pending state court pleadings.

## LEGAL STANDARDS

## MOTION TO DISMISS

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes that Fed. R. Civ. P. Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . .a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### ***COLORADO RIVER*** **ABSTENTION DOCTRINE**

> The *Colorado River* doctrine of "exceptional circumstances" authorizes a federal "district court to dismiss or stay an action when there is an ongoing parallel action in state court." . . .The principles of this doctrine "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" . . . Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" they may defer to a parallel state proceeding under "limited" and "exceptional" circumstances. . . . Among the factors the district court should consider in determining whether such exceptional circumstances exist are:
>
>> (1) the order in which the courts assumed jurisdiction over the property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. . . .
>
> The decision whether to dismiss "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." . . . The weight of each factor varies on a case-by-case basis, depending on the particularities of that case. . . .One factor alone can be the sole motivating reason for the abstention. . . .

4

*Moorer v. Demopolis Waterworks and Sewer Bd.,* 374 F.3d 994, 997 (11th Cir. 2004)(citations omitted).  The Eleventh Circuit also held in *Moorer* that "a stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine." 374 F.3d at 998 (citations omitted).

## DISCUSSION

The Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers).  Having reviewed the instant Complaint, the Court finds that it is sufficient to place Defendants on notice of the claims being made against them, and, therefore, satisfies the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.[3]  The Court further finds that the Complaint contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

Regarding the *Colorado River* abstention issue raised by Defendants, the threshold inquiry that the Court must make before it moves on to the criteria discussed above is whether the state and federal actions involve substantially the same parties and substantially the same issues.  *See, e.g., Ambrosia Coal and Construction Company*, 368 F.3d 1320 (11th Cir. 2004). The Court cannot undertake this inquiry in the absence of copies of the relevant state court pleadings, which neither party has produced despite the Court's request.  Not only does the Court

---

[3]While Defendants have pointed out issues relative to claims made in Plaintiff's complaint, for example, language seeking advisory opinions from this Court, these would not prevent Defendants from framing an answer.  Defendants could simply raise these issues in their answer.

5

not have the state court pleadings, but Defendants even failed to outline the causes of action in the state court proceeding and compare them to the causes of action before this Court to explain their contention that the cases have parallel issues.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement **[DE 13]** is **DENIED WITHOUT PREJUDICE**. Plaintiff's Answer and Motion to Deny "Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement **[DE 18]** has been treated by the Court as a response to Defendants' Motion to Dismiss.  To the extent it was characterized as a "motion" by Plaintiff, it is **DENIED**. Plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Answer **[DE 22]** is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of June, 2013.

_____
KENNETH A. MARRA
United States District Judge