UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80851-CIV-MARRA/MATTHEWMAN

SUZANA POPESCU,

    Plaintiff,

v.

JP MORGAN CHASE & CO. d/b/a
JP MORGAN CHASE BANK, N.A.
a/k/a JP MORGAN CHASE BANK, N.A.
CHASE HOME FINANCE, LLC, and all
JOHN & JANE DOES 1-50,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendants' Renewed Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion to Stay [DE 33]. The Court has reviewed all of the papers submitted in connection with this motion, the entire court file, and is otherwise fully advised in the premises.

**BACKGROUND**

This case arises out of a foreclosure action against Plaintiff in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida under case number 50-2009-CA-015631XXXXMB [DE 1 at 9, ¶27]. Familiarity with this Court's prior Opinion and Order denying Defendant's original motion to dismiss without prejudice is assumed [DE 31]. Defendants now move to dismiss the Complaint or stay this action under the *Colorado River*

1

abstention doctrine[1] pending the resolution of the first-filed state court action between the parties.

## LEGAL STANDARD

### *COLORADO RIVER* ABSTENTION DOCTRINE

The *Colorado River* doctrine of "exceptional circumstances" authorizes a federal "district court to dismiss or stay an action when there is an ongoing parallel action in state court." . . . The principles of this doctrine "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" . . . Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" they may defer to a parallel state proceeding under "limited" and "exceptional" circumstances. . . . Among the factors the district court should consider in determining whether such exceptional circumstances exist are:

> (1) the order in which the courts assumed jurisdiction over the property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. . . .

The decision whether to dismiss "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." . . . The weight of each factor varies on a case-by-case basis, depending on the particularities of that case. . . . One factor alone can be the sole motivating reason for the abstention. . . .

*Moorer v. Demopolis Waterworks and Sewer Bd.,* 374 F.3d 994, 997 (11th Cir. 2004)(citations omitted). The Eleventh Circuit also held in *Moorer* that "a stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine." 374 F.3d at 998 (citations omitted).

---

[1] *See Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976). The *Colorado River* abstention doctrine authorizes a federal district court, in exceptional cases, to dismiss or stay an action when there is an ongoing parallel action in state court.

**DISCUSSION**

The threshold inquiry that the Court must make before it moves on to the *Colorado River* abstention criteria discussed above is whether the state and federal actions involve substantially the same parties and substantially the same issues. *See Ambrosia Coal and Construction Company*, 368 F.3d 1320 (11th Cir. 2004). The Court now has before it a copy of the pleadings in the pending state court action, as to which the Court takes judicial notice [DE 34]. Having reviewed these pleadings, the Court finds that the state and federal actions involve substantially the same parties and substantially the same issues.

Plaintiff herein is a defendant in the state court action[2] along with her former husband and certain other parties, such as the Versailles at Wellington Homeowners Association, Inc., who may have an interest in the property upon which JP Morgan Chase Bank, N.A. (hereinafter "Chase") is foreclosing. To the extent that the parties are not identical in the two pending actions, that factor supports the conclusion that this Court should abstain from moving forward with the instant case until the conclusion of the state court case, as nothing this Court does can bind the other parties that have an interest in this property who are not before this Court.

In the state court foreclosure action, Ms. Popescu has raised as affirmative defenses that Chase is not the real party in interest [DE 34-5 at ¶28]; that Chase is not the holder in due course of the Note [*Id*. at ¶29]; that Chase has failed to comply with a Consent and Cease and Desist Order it entered into with the Office of the Currency Comptroller [*Id*. at ¶66]; that there has been

---

[2]Plaintiff was originally named as Suzana Alvaro in the state court action [DE 34-1 at 1]. Alvaro is her ex-husband's last name [DE 1at 2, ¶6]. Plaintiff signed the mortgage as Suzana Popescu [DE 34-1 at 21]. The state court granted leave to substitute Suzana Alvaro aka Suzana Popescu for Suzana Alvaro in that action [DE 34-6]. No party has suggested that Plaintiff herein is a different person from the named Defendant in the state court action.

fraud relative to the note and the Allonges [*Id*. at ¶¶72-90]; that Chase failed to comply with the notice requirement of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 [*Id*. at ¶97]; that Chase has unclean hands [*Id*. at ¶¶99-103]; and that the endorsements evidenced by the Allonges attached to the note are invalid pursuant to Fla. Stat. 698.01 [*Id*. at ¶104]. In the instant action, Ms. Popescu, as the Plaintiff, has asserted the following claims: Count I - fraud and misrepresentation in the foreclosure action; Count II -seeking a declaration that no Chase entity is a holder in due course of the note; Count III - raising allegations relative to endorsements of the note; Count IV - seeking relief by foreclosure accounting; Count V - alleging violations of the provisions of Florida Statutes as well as the Federal Fair Debt Collections Act and the Real Estate Settlement Procedures Act; Count VI - seeking a declaration that there is no valid contract between the Chase entities and Plaintiff; Count VII - attacking the industry practice of securitization of notes and arguing that no Chase entity is a holder in due course; and Count VIII - seeking quiet title to the property [DE 1].  The two pending actions have substantially the same issues.

      The Court now evaluates whether exceptional circumstances exist such that it should abstain in this case.  Weighing heavily in favor of abstention is that the state court action was filed first and is an *in rem* proceeding in which the state court now has jurisdiction over the property at issue in both cases.  Although the instant action has some *in personam* claims, the thrust of the suit is to quiet title, which is an *in rem* proceeding in Florida.  *See State of Florida, Department of Natural Resources v. Antioch University*, 533 So.2d 869, 872 (Fla. App. 1 Dist. 1988)("If the cause of action has the object of requiring the court to act directly on property, or on the title to the property, it is an *in rem* action.").

Cases have held that where there are *in rem* claims against the same property in both state and federal court, the court with jurisdiction over the property has exclusive jurisdiction to proceed. *See Donovan v. City of Dallas*, 377 U.S. 408 (1964) holding that:

> Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings. That rule has continued substantially unchanged to this time. An exception has been made in cases where a court has custody of property, that is, proceedings *in rem* or *quasi in rem*. In such cases this Court has said that the state or federal court having custody of such property has exclusive jurisdiction to proceed.

*Id*. at 412 (footnote omitted)(citing *Princess Lida v. Thompson*, 305 U.S. 456, 465-468 (1939)). Given that the state court first assumed jurisdiction over the property at issue, this factor favors abstention by this Court.

The second *Colorado River* factor is the convenience of the forums. Since the forums are equally convenient, this factor does not weigh in favor of abstention.

The third *Colorado River* factor is the potential for piecemeal litigation. There is little question that permitting the litigation of these issues in two fora, where this Court does not have jurisdiction over all of the parties in the state court action, will result in piecemeal litigation. More importantly, there is the potential for inconsistent rulings. This factor weighs in favor of abstention.

The fourth *Colorado River* factor is the order in which the fora obtained jurisdiction. The state court case was filed first, in 2009 [DE 34-1 at 1]. The state court has already issued an order vacating the final summary judgment and default that had been granted against Ms. Popescu; vacating the foreclosure sale; and quashing the service of process against her [DE 22 at

8]. This factor weighs in favor of abstention.

The fifth *Colorado River* factor is whether state or federal law will be applied. Although there are some federal statutes pled, the majority of the issues raised in this case will be determined under Florida law applicable to foreclosures. Other courts in this circuit have stayed actions similar to this case based, in part, upon the fact that Florida state law applicable to foreclosures was at issue. *See, e.g., Hendricks v. Mortgage Electronic Registration Systems, Inc.*, No. 8:12-CV-2801-T-30TGW, 2013 WL 1279035, at *5 (M.D. Fla. March 28, 2013)*; Preston v. Fishman*, No. 8:10-CV-2300-T-23TBM, 2011 WL 129843, at *2 (M.D. Fla. Jan. 14, 2011). Although the Florida laws are not complex, in light of the large number of foreclosure cases pending in the Florida state courts, consistency in the application of Florida law in these cases is an important consideration and is best left for the state courts to resolve. This factor weighs in favor of abstention.

The sixth *Colorado River* factor is the adequacy of the state court to protect the parties' rights. As discussed *supra*, the state court has already issued an order vacating the final summary judgment and default that had been granted against Ms. Popescu; vacating the foreclosure sale; and quashing the service of process against her [DE 22 at 8]. No party has argued in the papers before the Court that its rights will not be protected in the state court action, and this Court has no reason to believe to the contrary. Since both fora are adequate to protect the parties' rights, this factor is neutral. *See Jackson-Platts v. General Electric Capital Corporation*, __ F.3d __, 2013 WL 4463006 at *13 (11th Cir. 2013).

Plaintiff has not addressed any of the *Colorado River* factors in depth. The main argument Plaintiff advances for this Court to retain jurisdiction is that Plaintiff is seeking relief

6

under the Declaratory Judgment Act, 28 U.S.C. §2201(a).  The Court does not find this argument to be persuasive in light of its analysis of the *Colorado River* factors.

Having given due consideration to the *Colorado River* factors, the Court concludes that it should abstain from exercising jurisdiction over this case at this time and stays this action until the resolution of the related state court proceeding.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Renewed Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion to Stay **[DE 33]** is **GRANTED IN PART AND DENIED IN PART**. This case is **STAYED** pending the final resolution of the related foreclosure case in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida under case number 50-2009-CA-015631XXXXMB.  The **CLERK** shall **ADMINISTRATIVELY CLOSE** this case. Any pending motions are **DENIED AS MOOT** with each party to bear its own costs. Any party may move to reopen this case at the appropriate time.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of October, 2013.

KENNETH A. MARRA
United States District Judge